Kenneth M. Rosenstein
Assistant Attorney General
Office of Special Prosecutions and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Email: ken.rosenstein@alaska.gov

Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| FRANK JEROME OLSON,<br><br>    Petitioner,<br><br>  vs.<br><br>DEBBIE MILLER,<br><br>    Respondent. | Case No. 3:11-CV-24-JWS<br><br>MOTION TO DISMISS |

    Olson has filed an amended petition for writ of habeas corpus. [Dkt. 17] He asserts one claim for relief: "his conviction was obtained through evidence in violation of the constitution in an illegal search and seizure." [*Id.* at 5] Olson correctly acknowledges that habeas review of a Fourth Amendment claim is limited by *Stone v. Powell*, 428 U.S. 465 (1976). [*Id.* at 6] That case holds the federal constitution does not require habeas relief based on the evidence obtained as a result of a Fourth Amendment violation so long as the state has provided the petitioner a full and fair opportunity to litigate the

claim in state court. *Id*. at 482. Olson acknowledges that he received a hearing in state court but asserts "his [Fourth Amendment] claim was not fully and fairly litigated because the [state court's] decision was contrary to the evidence presented at the hearing." [*Id*. at 6] Olson misunderstands the *Stone* doctrine.

*Stone* removed Fourth Amendment claims from the scope of federal habeas review set forth in 28 U.S.C. § 2254(a). *Hampton v. Wyant*, 296 F.3d 560, 563 (7th Cir. 2002) (*Stone* is based on interpretation of 28 U.S.C. § 2254(a) "that treats inaccurate administration of the exclusionary rule as outside the scope of that statute"). Because Olson had the *opportunity* to fully and fairly litigate his Fourth Amendment claim in state court, *Stone* bars relitigation of the claim in federal court. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). The accuracy of the state-court result is immaterial. *Id*.; *Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir. 1994); *Mack v. Cupp*, 564 F.2d 898, 901, 902 (9th Cir. 1977).

In *Moormann v. Schriro*, 420 F.3d 1044 (9th Cir. 2005), the Ninth Circuit rejected a claim identical to Olson's. Like Olson, Moormann claimed he was denied a full and fair opportunity to litigate his Fourth Amendment claim "because the state court's factual findings are not supported by the evidence." *Id*. at 1053. In affirming the district court's rejection of the claim based on the *Stone* doctrine, the Ninth Circuit pointed to Moormann's pretrial

suppression motion, the state trial court's hearing at which he was allowed to present evidence and examine witnesses, the trial court's factual findings made in support of ruling on Moormann's motion, and review by the state supreme court. *Id*.

Like Moormann, Olson filed a pretrial suppression motion. *Olson v. State*, 2006 WL 306907, *1 (Alaska App. 2006). The trial court conducted an evidentiary hearing at which the arresting officer, who Olson claimed violated his Fourth Amendment rights, testified. *Id*. at *1-2. Olson has not alleged he was impeded at the hearing in examining the state's witnesses or presenting his own evidence. The trial court denied the motion, and the court of appeals affirmed, concluding the "facts supported [the trial court's] conclusion that the police had a lawful reason to contact Olson in carrying out their community-caretaker role." *Id*. at *4.

The state-court record, as recapitulated in *Olson*, demonstrates that he not only had the opportunity to fully and fairly litigate his Fourth Amendment claim but also took full advantage of that opportunity. Under *Stone*, *Moormann*, *Ortiz-Sandoval*, *Siripongs*, and *Mack*, the sole claim alleged in his amended petition is beyond the scope of relief that may be provided under 28 U.S.C. § 2254(a).

## Conclusion

Because Olson's sole habeas claim is barred by the *Stone* doctrine, this court should dismiss his petition with prejudice.

DATED this 20th day of September, 2011.

>JOHN J. BURNS
>ATTORNEY GENERAL
>
>s/ Kenneth M. Rosenstein
>   Assistant Attorney General
>   State of Alaska, Dept. of Law
>   Office of Special Prosecutions and Appeals
>   310 K Street, Suite 308
>   Anchorage, Alaska 99501
>   Telephone: (907) 269-6250
>   Facsimile: (907) 269-6270
>   e-mail: ken.rosenstein@alaska.gov
>   Alaska Bar No. 7605051

**Certificate of Service**

I certify that on September 20, 2011, a copy of the foregoing **Motion to Dismiss** was served electronically on Caitlin Shortell.

    s/ **Kenneth M. Rosenstein**