Shortell Gardner LLC
645 G Street, Suite 100-807
Anchorage, AK 99501
Telephone: 907.272.8181
Facsimile: 1.888.526.6608

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF ALASKA

FRANK J. OLSON,

    Plaintiff

vs.

DEBBIE MILLER,

    Defendant.

**Case No. 3:11-CV-24-JWS-DMS**
**RESPONSE IN OPPOSITION TO MOTION TO DISMISS AMENDED PETITION PURSUANT TO 28 U.S.C. § 2254**

### INTRODUCTION

Now comes Frank Jerome Olson by and through his counsel, Caitlin Shortell, and opposes the Motion to Dismiss the Amended Petition pursuant to 28 U.S.C. § 2254.

**There are limitations on the doctrine of Stone v. Powell.**

The state asserts that Olson's Amended Petition should be dismissed because it is barred by the doctrine of *Stone v. Powell,* 428 U.S. 465, 96 S.Ct 3037(1976). There are exceptions to the doctrine that a fourth amendment claim may not be pursued in a habeas petition if it was fully and fairly

litigated below. *Id*.

> *Stone*'s restriction on the exercise of federal habeas jurisdiction does not extend to a state prisoner's claim that his conviction rests on statements obtained in violation of the Miranda safeguards.

*Withrow v. Williams*, 507 U.S. 680, 113 S.Ct. 1745 (1993). Statements obtained in violation of the Miranda safeguards then, can form the basis for a habeas petition based on a fourth amendment claim.

In addition to challenges to statements obtained in violation of Miranda, Sixth Amendment claims based on incompetent representation by counsel are not barred by *Stone v. Powell*. See *Kimmelman v. Morrison*, 477 U.S. 365, 373-83, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

14th Amendment claims of discrimination in grand jury proceedings are also excepted from the rule announced in *Stone v. Powell* and thus are cognizable on Habeas. *Rose v. Mitchell*, 443 U.S. 545, 562, 99 S.Ct. 299, 3003 (1979). *Rose* distinguished a 14th amendment claim of grand jury discrimination from the situation in *Stone*, where the Court considered application of "a judicially created remedy rather than a personal constitutional right." 428 U.S., at 495 n. 37, 96 S.Ct., at 3053.

The Court commented that a federal forum should remain available for litigation of the claims of discrimination by the judiciary itself:

> There is a need in such cases to ensure that an independent means of obtaining review by a federal court is available on a broader basis than review only by this Court will permit. A federal forum must be available if a full and fair hearing of such claims is to be had.

*Rose at 3003, 561*.

The trial court's finding was so contrary to the testimony admitted at the

evidentiary hearing that it deprived Olson of due process.  This claim, though it is attendant to the exclusionary rule, is the sort of issue that requires federal court review for a full and fair hearing.

The trial court denied the defense's motion and the Court of Appeals' affirmed based on a rationale that the search was a "welfare check" when the testimony did not support this.  Instead, the evidence showed and Olson preserved the claim that his car was legally parked and the officers lacked any legal reason to approach him. *Frank Olson v. State of Alaska*, 2006 WL 306907 (Alaska App. 2006).

At the evidentiary hearing on Olson's motion, the officers testified to immediately opening the car door and removing Olson from his car, then attempting to make him do sobriety tests, and gathering evidence that was used to obtain his conviction, including his demeanor and refusal to perform tests.

The testimony of the officers summarized in the Court of Appeals decision did not support the trial court's rationale that it was "a proper welfare check" but instead showed that the officers had approached Olson without legal authority to do so.

Accordingly, despite the limitation pronounced in *Stone v. Powell*, Olson contends that such a contradiction between the record evidence and the trial court's findings resulted in a deprivation of due process and a fair trial under the 6th and 14th Amendments to the United States Constitution in addition to an erroneous ruling under the 4th amendment derived exclusionary rule.  Based

on the authority provided in the Amended Petition and this response as to the United States Supreme Court's limitations of the Stone doctrine under such circumstances this court should grant the Amended Petition for a Writ of Habeas Corpus on the grounds that the conviction was obtained by evidence in violation of the United States Constitution.

## CONCLUSION

Based on the foregoing argument and discussion, Olson respectfully requests that this court grant this Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Respectfully submitted.

DATED this 17th day of November 2011 at Anchorage, Alaska.

/s Caitlin Shortell
Attorney for Frank J. Olson
Shortell Gardner LLC
645 G Street Suite 100-807
Anchorage, AK 99501
telephone: (907) 272-8181
facsimile: (888) 526-6608
email: caitlin@shortellgardner.com

Certificate of Service

I certify that on November 17, 2011 I filed the foregoing with the Electronic Filing System and it was electronically distributed to all parties.

/s Caitlin Shortell

*Olson v. Miller*, 3:11-CV-00024-JWS-DMS AMENDED 2254 PETITION
Page 4