IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FRANK J. OLSON,<br><br>      Petitioner,<br><br>vs.<br><br>DEBBIE MILLER,<br><br>      Respondent. | No. 3:11-CV-00024-SLG-DMS<br><br>**INITIAL REPORT AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS PETITIONER'S HABEAS PETITION [DOCKET 18]** |

## I. MOTION PRESENTED

Petitioner Frank J. Olson seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. In his petition, Olson claims that his conviction for driving while intoxicated was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure. (Docs. 1, 17).

In response, Respondent Debbie Miller filed a Motion to Dismiss. (Doc. 18). Respondent argues that, pursuant to Stone v. Powell, 428 U.S. 465 (1976), a court may not grant habeas relief based upon the argument that evidence was obtained as a result of a Fourth Amendment violation so long as the state provided the petitioner a full and fair opportunity to litigate his claim. Respondent asserts that Olson had a full and fair opportunity to litigate his claim in state court and that his claim is thus outside the scope of relief available pursuant to 28 U.S.C. § 2254.

In opposition to the Motion to Dismiss, Olson acknowledges the Stone v. Powell doctrine, but notes that there are exceptions to this doctrine. (Doc. 20 at 1-2). Petitioner claims that this is "the sort of issue that requires federal court review for a full and fair hearing." (Doc.

1

20 at 2-3). Olson argues that the contradiction between the record evidence and the trial court's findings not only implicates the Fourth Amendment but also results in "a deprivation of due process and a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution." (Doc. 20 at 3).

Respondent filed a reply to Petitioner Olson's opposition, again arguing that Stone bars this Court from reviewing Petitioner Olson's claim challenging the accuracy of the state court's findings. (Doc. 21). Respondent further argues that Petitioner Olson's attempt to recast his Fourth Amendment claim as a due process violation is foreclosed by case law. (Doc. 21 at 3).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On June 12, 2002, Anchorage Police Officer Michael Jensen was dispatched to check on a vehicle located in the intersection of East 53rd Avenue and Windflower Street.[1] Olson at *1. The officer was dispatched after a citizen reported a man in the vehicle, slumped over the steering wheel. Id. When Officer Jensen arrived, he saw the vehicle in the middle of the roadway. Id. The car was in drive and running and the driver appeared to be passed out. Id. Officer Jensen testified that his first concern was the driver's safety and health, and that he was also concerned because the car was blocking the roadway. Id. at *2.

Soon thereafter, another officer, Sergeant William Kaas, arrived. Olson at *2. Kaas reached into the vehicle, put the transmission into park, and turned off the engine. Id. The officers attempted to wake the driver by speaking to him and, after that didn't work, by physically shaking him. Id. Once awake and outside of the vehicle, Olson was unsteady on his feet and had

---

[1] All facts are taken from the Alaska Court of Appeals decision in this case, Olson v. State, 2006 WL 306907.

to lean on the car for balance, and Officer Jensen held onto one of his arms to keep him standing. Id. Officer Jensen could smell alcohol on Olson's breath, but Olson refused to do a field sobriety test. Id. Olson was arrested for driving under the influence and transported to the Fifth Avenue police station to take a breath test administered by a third officer, Gary Martin. Id.

Once at the substation, Officer Martin prepared to administer a breath test. Olson at *2. Martin read Olson a number of required forms, including an implied consent form. Id. Olson refused to provide a sample of his breath for testing. Id.

Following these events, Olson was charged with felony driving while under the influence, felony refusal to submit to a chemical test, and driving with a suspended or revoked license. Olson at *1. He moved to dismiss the first count on the ground that the officers lacked reasonable suspicion to contact him and had therefore conducted an unlawful investigatory stop. Id. at *1, 3. He also moved to dismiss the felony refusal charge, arguing that the implied consent form was inaccurate. Id. at *1. In the alternative, he moved to suppress evidence that he refused the breath test. Id. He also moved to dismiss the third count, asserting that the State had offered no evidence demonstrating he was driving the car. Id.

Alaska Superior Court Judge Michael Wolverton denied Olson's motion to dismiss the driving while under the influence charge, finding that the officers had conducted a proper welfare check when they came upon Olson's vehicle in the middle of the roadway and found him slumped over the steering wheel. Olson at *2. Judge Wolverton also denied the motions to dismiss the other counts and the motion to suppress. Id. at *3.

Olson entered a no contest plea for each count. Olson at *3. Judge Wolverton accepted his pleas and Olson was convicted of felony driving while under the influence, felony refusal to

3

submit to a breath test, and the misdemeanor offense of driving with a suspended or revoked license.  Id. at *1, 3.  Judge Wolverton found that the State proved three of the four proposed aggravating factors and sentenced Olson to serve three years and 30 days with four years and 330 days suspended.  Id. at *3. Prior to this incident, Olson had four prior convictions for driving while under the influence.  Id.

      Following his conviction, Olson appealed to the Alaska Court of Appeals.  On appeal, he claimed the charges against him should have been dismissed because the officers had no lawful reason to contact him.  Olson at *1.  He again argued that he should not be charged with refusal to submit a breath sample or that the Court should have suppressed the evidence related to the refusal, because the consent form was inaccurate.  Id.  He also claimed that there was no basis for charging him with driving with a suspended or revoked license because no one witnessed him driving.  Id.  Finally, he claimed that his sentence was invalid because the judge, and not a jury, found that his offense was aggravated.  Id.

      The Court of Appeals issued its decision on February 8, 2006.  The Court found that the facts supported Judge Wolverton's conclusion that the officers had a lawful reason to contact Olson.  Olson at *4.  The Court explained that the fact Olson was slumped over, asleep or unconscious, behind the steering wheel of a vehicle sitting in the middle of the road with its transmission in drive and the engine running supported the Court's conclusion that the officers had reason to contact him "in carrying out their community-caretaker role."  Id.  As a result, the Court rejected Olson's claim that the officers lacked a lawful reason to contact him.  Id.  The

4

Court also rejected Olson's other claims and affirmed his conviction and sentence.[2]  Id. at *1.

On April 5, 2006, Olson filed an application for post-conviction relief, alleging that he asked his counsel to appeal the Court of Appeals decision to the Alaska Supreme Court but that counsel had not done so. (Doc. 31-1 at 4-5). On June 3, 2009, Judge Michael Wolverton ruled that Olson had communicated his desire to appeal but that his counsel had failed to file the appeal on his behalf. (Doc. 31-2 at 1). The Court consequently held that counsel's representation of Olson was ineffective. Id.  As a remedy, the Court permitted a late-filing of Olson's Petition for Hearing at the Alaska Supreme Court. (Doc. 31-2 at 1-2).

On January 13, 2010, Olson filed a Petition for Hearing with the Alaska Supreme Court. (Doc. 26-3).[3]  In the Petition for Hearing, Olson made two arguments: (1) Olson's felony refusal charge should have been dismissed since the police officer wrongly advised him of the consequences of refusing a breath test, thus his refusal was not knowing and voluntary; and (2) Olson should not have been charged with driving while his license was suspended since there was no evidence he was driving. Olson did not argue that the officers engaged in an improper welfare

---

[2] This Court has not provided a discussion of the rationale of the Court of Appeals' holding regarding these claims since they are not at issue in Olson's federal habeas petition.

[3] In his Notice Regarding Exhaustion and the Statute of Limitations, Olson claims that he filed a "petition for review" with the Alaska Supreme Court on July 24, 2009. (Doc. 6 at 3). Respondent claims that although Olson filed a docketing statement with the Alaska Supreme Court on July 24, 2009, he did not file his Petition for Hearing until January 13, 2010. (Doc. 28 at 2). Respondent provided the Court with a copy of Olson's Petition for Hearing, which was indeed filed on January 13, 2010. (See Doc. 26-3). The case number on the January 13, 2010 Petition for Hearing - Supreme Court No. S-13595 - is the case number identified by the Petitioner as his Petition for Hearing. (See Doc. 17 at 4). This Court therefore believes that Olson's Petition for Hearing was filed on January 13, 2010, and not July 24, 2009, however this difference is not relevant to the resolution of Respondent's Motion to Dismiss. See Analysis, infra.

5

check or that his felony driving while under the influence conviction was obtained as a result of a violation of the Fourth Amendment.

On March 22, 2010, the Court granted the Petition for Hearing on his felony refusal claim only. (Doc. 1-1). The Alaska Supreme Court issued its opinion regarding this claim on September 23, 2011. See 260 P.3d 1056 (Alaska 2011). The Court reversed the decision of the Court of Appeals, finding that the inaccuracies in the form could raise due process concerns. Id. The Court remanded the case to the Alaska Superior Court to give Olson the opportunity to demonstrate that the inaccurate form caused him prejudice. Id. at 1064.

On February 28, 2011, this Court received Olson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Following appointment of counsel, Olson also filed an amended petition. (Doc. 17). In his petition, Olson claims that the record rebuts by clear and convincing evidence the trial court's factual findings that the stop and what followed were a "welfare check." (Doc. 17 at 6). As a result, he argues his conviction for felony driving while under the influence was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure in violation of the Fourth Amendment.[4] (Doc. 17 at 5-7).

---

[4] Petitioner appears to challenge only the driving while under the influence charge in his petition. See Doc. 17 at 1 (Petitioner asks this Court to set aside the "conviction" of the Alaska Superior Court); see also Doc. 17 at 5 (Petitioner states his claim is that "his conviction was obtained through evidence in violation of the constitution..."); see also Doc. 1 at 5 (in his explanation of why his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure, Petitioner concludes with the fact that he "was arrested for driving while intoxicated"). On direct appeal, however, the Alaska Court of Appeals framed Olson's argument as "Olson claims that the *charges* against him should have been dismissed..." 2006 WL 306907 at *1 (emphasis added). Although Olson may have challenged more than the driving while under the influence charge in prior proceedings, he does not appear to do so here. This Court recognizes there may be a strategic advantage to challenging only this charge and does not question Petitioner's decision to do so. Although the Court's discussion focuses on the single charge, see Analysis, infra, the Court would reach the same result had the Petitioner

## III. ANALYSIS

**A. Olson Did Not Exhaust His Claim in the State Court**

**1. Applicable Law**

Habeas relief may not be granted pursuant to 28 U.S.C. § 2254(b)(1) unless a petitioner "has exhausted the remedies available in the courts of the State." According to the Supreme Court, the exhaustion requirement is necessitated by comity concerns. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). To satisfy these concerns, state courts must receive a full and fair opportunity to act on federal claims before the claims are brought into federal court. Id.

To give state courts a full and fair opportunity to act on federal claims, a petitioner must fairly present the substance of his federal claims to the state courts. Picard v. Connor, 404 U.S. 270, 275 (1971). To make a fair presentation, a petitioner must plead his federal claims with considerable explicitness and specificity to the state courts. Rose v. Palmateer, 395 F.3d 1108, 1111 (9th Cir. 2005). This specificity includes clearly identifying the claims as federal by referencing specific provisions of the federal constitution or citing to cases applying federal legal standards for the applicable federal constitutional violation. Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005). The federal citation or discussion must be in context and be relevant so that it explicitly alerts the state court of the federal nature of the claim. See Galvan v. Alaska Dept. of Corr., 397 F.3d 1198, 1204-05 (2005) (finding that a citation to a federal circuit court case was not used in the correct context to alert the state court that the petitioner was seeking a ruling on a federal issue). This specificity requirement also demands that the operative facts on which the federal claim is based are described so that state courts have a fair chance to apply the controlling

---

challenged all the charges. See footnote 6.

7

law to the facts. Castillo, 399 F.3d at 999 (citing Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003)).

This full and fair presentation of the federal claim and applicable facts is achieved through pursuit of the complete, available state process, including the highest state court. O'Sullivan, 526 U.S. at 845-48. The exhaustion requirement is only satisfied if a petitioner pursues a claim throughout the entire direct appeal process or post-conviction process in state court, including raising the claim to the state supreme court with powers of discretionary review. A party cannot fully and fairly present a claim to the highest state court simply by compiling the briefings and opinions from the lower court decision and assuming that the state's highest court has reviewed them. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) (holding that "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so").

**2. Analysis**

In his federal petition, Olson makes a single argument: Olson's stop did not constitute a proper welfare check, and his conviction for felony driving while under the influence was therefore obtained by the use of evidence gained pursuant to an unconstitutional search and seizure. (Doc. 17 at 5-7). Olson did not make this argument in his Petition for Hearing to the Alaska Supreme Court. The exhaustion requirement is only satisfied if a petitioner pursues a claim throughout the entire direct appeal or post-conviction process in state court, including raising the claim to the state supreme court with powers of discretionary review. Because Olson did not raise this argument with the Alaska Supreme Court in his Petition for Hearing, he cannot

8

now raise it with this Court.

## B. Olson's Claim is Not Cognizable Since He Had a Full and Fair Opportunity to Litigate it in State Court

Should the District Court disagree that the petition is barred due to petitioner's failure to exhaust his state remedies, the following analysis is provided.

### 1. Applicable Law

The exclusionary rule, where evidence stemming from an unconstitutional search and seizure is omitted from consideration, was created primarily to deter law enforcement officials from conducting illegal searches. In Stone v. Powell, the Supreme Court balanced the values of protecting constitutional rights by barring what may be highly probative evidence with other values to the criminal justice system, such as truth and justice. 428 U.S. at 489-95. The Court concluded that if there was the opportunity for full and fair litigation of Fourth Amendment claims in the state courts, the cost of overturning otherwise rightful convictions would outweigh the possible additional deterrence of law enforcement officials from engaging in illegal searches that would come from further review in the federal courts. Id. at 494-95.

The Court consequently held that "where the state has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, the constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone, 428 U.S. at 482. The existence of a state procedure allowing for the opportunity for full and fair litigation of Fourth Amendment claims alone bars federal habeas corpus consideration of those claims. See Gordon, 895 F.2d at 613-14 (determinative factor was that California law allowed for motion to suppress

9

evidence, not whether defendant litigated upon such grounds). A court must assess whether a petitioner had the opportunity to litigate his claim, not whether he did or even whether the claim was correctly decided. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996) (citing Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990); Siripongs v. Caldernon, 35 F.3d 1308, 1321 (9th Cir. 1994); Locks v. Sumner, 703 F.2d 403, 408 (9th Cir. 1983), *cert. denied*, 464 U.S. 933 (1983); Mack v. Cupp, 564 F.2d 898, 901 (9th Cir. 1977) (stating "[u]nder Stone a federal district court may not relitigate a fourth amendment issue tried fully and fairly in state court, regardless of its view of the correctness of the state decision")).

### 2. Analysis

Petitioner Olson was afforded a full and fair opportunity to litigate his Fourth Amendment claims in the Alaska state court system. First, he was statutorily enabled to litigate unlawful search and seizures. Ak. R. Crim. P. 37(c) ("[a] person aggrieved by an unlawful search and seizure may move the court . . . to suppress for use as evidence anything so obtained on the ground that the property was illegally seized"); see also ALASKA CONST. Art. 1, § 14 ("the right of the people to be secure . . . against unreasonable searches and seizures, shall not be violated"). Olson raised a search and seizure argument related to the refusal charge at the trial court level. Although he did not move to suppress evidence relating specifically to the driving while under the influence charge, he could have. What this Court must consider is whether Olson had the *opportunity* to litigate his claim, not whether he did or whether the claim was correctly decided. Ortiz-Sandoval, 81 F.3d at 899. Olson also raised a search and seizure argument before the Alaska Court of Appeals with respect to the refusal charge. Olson at *1.

In his amended petition, Olson argues that his claim was not "fully and fairly litigated

10

Case 3:11-cv-00024-SLG   Document 32   Filed 07/27/12   Page 10 of 14

because the decision was contrary to the evidence presented at the hearing." (Doc. 17 at 6). Olson argues that the testimony at the hearing in the trial court did not support the trial court and Court of Appeals' decisions that the officers were playing a community caretaker role/conducting a proper welfare check. Id. He argues that this Court should thus grant his habeas petition.

Olson fundamentally misunderstands the holding of Stone v. Powell. Pursuant to the Stone doctrine, a court must evaluate whether a petitioner *had the opportunity* to litigate his claim, and the existence of a state procedure allowing for the opportunity for full and fair litigation of Fourth Amendment claims alone bars habeas review of those claims. A court should not evaluate whether a petitioner's claim was correctly decided; if Fourth Amendment claims were litigated, the correctness of the resolution is not relevant for the purposes of habeas review. The Court held in Stone that if there was a full and fair opportunity to litigate a Fourth Amendment issue in the state courts, it wasn't appropriate to again review it in the federal courts because the cost of overturning otherwise legitimate convictions would be higher than the possible additional deterrence to law enforcement officers from engaging in illegal searches that would come from the additional federal review.

As the Government correctly notes in its Motion to Dismiss, the Ninth Circuit addressed this issue in Moormann v. Schriro, 426 F.3d 1044 (9th Cir. 2005). In that case, the petitioner challenged the validity of a search warrant, alleging a Fourth Amendment violation. Id. at 1053. According to the Court, petitioner Moormann alleged that "he did not have a full and fair opportunity to litigate his warrant challenge because the state's factual findings are not supported by the evidence." Id. Moormann raised this issue in a pre-trial motion at the trial court level, the Court made its ruling, and the ruling was reviewed by the Arizona Supreme Court. Id. The Court

11

held that the federal district court did not err in denying Moormann's petition challenging the ruling, since he "was provided a full and fair opportunity to litigate his state claims." Id. Like in Moormann, this Court cannot evaluate whether testimony at Olson's trial in the state courts supported the trial court's ruling; what the Court should assess is whether Olson was afforded an opportunity to litigate his Fourth Amendment claims. It is clear that Olson was afforded such an opportunity, and his claim is therefore not cognizable on habeas review.

Olson also argues in his response to the Motion to Dismiss that the alleged contradiction between the record evidence and the trial court's findings resulted in a deprivation of Olson's rights to due process and a fair trial under the Sixth and Fourteenth Amendments. (Doc. 20 at 3). The Government responds that Petitioner Olson is simply recasting his Fourth Amendment argument in the guise of due process. (Doc. 21 at 4-5). This Court agrees.

The Sixth and Fourteenth Amendments are not raised in Olson's Petition or Amended Petition, and, when raised for the first time in the Response to the Motion to Dismiss, are merely mentioned without explanation or argument. (See Doc. 20 at 3). Olson then requests that this Court grant his petition "on the grounds that the conviction was obtained by evidence in violation of the United States Constitution." (Doc. 20 at 3-4). The courts have consistently held that a petitioner cannot avoid Stone by attempting to recast a constitutional claim that "is ultimately based on the fourth amendment" as some other constitutional guarantee. See O'Quinn v. Estelle, 574 F.2d 1208, 1210 (5th Cir. 1978) (holding that petitioner's claim purportedly related to "the due process guaranty of a fair trial" was in actuality a Fourth Amendment claim and therefore barred by Stone); see also Torres v. Irvin, 33 F.Supp.2d 257, 265 (S.D.N.Y. 1998) (holding that the petitioner "may not avoid the rule set forth in Stone by characterizing his attack on the search

12

warrant as one based on Brady).

Habeas relief is not available to a petitioner who alleges evidence used at his trial was obtained through an unconstitutional search and seizure, in violation of his Fourth Amendment rights, if the state provided an opportunity for full and fair litigation of that claim. Because the Alaska state court system provided Olson an opportunity for full and fair litigation of his claim, this Court cannot consider it.[5]

## IV. CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Respondent's Motion to Dismiss Petitioner's Motion for Habeas Relief be GRANTED.

DATED this 27th day of July, 2012.

/s/ Deborah M. Smith
DEBORAH M. SMITH
United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **CLOSE OF BUSINESS, AUGUST 14, 2012.** Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-89 (9th Cir. 1980), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the

---

[5] The Court notes that although Petitioner only challenges the driving while under the influence charge in his petition, see footnote 4, the Stone doctrine would also apply to the other charges had Olson alleged that the welfare check rendered them invalid.

13

Case 3:11-cv-00024-SLG   Document 32   Filed 07/27/12   Page 13 of 14

objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **CLOSE OF BUSINESS, AUGUST 21, 2012.** The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).