IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

FRANK J. OLSON,

                        Petitioner,

      v.

DEBBIE MILLER,

                        Respondent.

Case No. 3:11-cv-00024-SLG

## ORDER GRANTING MOTION TO DISMISS

Frank Jerome Olson filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 28, 2011.[1] He was appointed counsel on May 11, 2011, and subsequently filed an Amended Petition for Writ of Habeas Corpus ("Amended Petition").[2] The action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).[3]

Mr. Olson was convicted in Alaska Superior Court of felony driving while under the influence, felony refusal to submit to a breath test, and driving while license suspended or revoked.[4] Mr. Olson appealed this conviction to the Alaska Court of Appeals, asserting that the charges against him should have been dismissed because the police had no lawful reason to contact him.[5] On February 8, 2006, the Alaska Court

---

[1] Docket 1 (Petition for HC).

[2] Docket 10 (Appointment of Counsel); Docket 17 (Amended Pet. for HC).

[3] Docket 7 (Order Directing Service/Referral to MJ).

[4] Docket 17 at 3 (Amended Pet.); Alaska Superior Ct. 3AN-02-4262 CR.

[5] Docket 17 at 3-4 (Amended Pet.); *Olson v. State*, No. 8776, 2006 WL 306907 at *1, 3-4 (Alaska App. Feb. 6, 2006). Mr. Olson raised other claims in that appeal that are not relevant to this petition.

of Appeals dismissed Mr. Olson's appeal and affirmed his conviction and sentence, concluding the facts showed the police had a lawful reason to contact him.[6] Mr. Olson then filed a Petition for Hearing with the Alaska Supreme Court in early 2010.[7] On March 22, 2010, the Alaska Supreme Court granted the Petition for Hearing only on the felony refusal claim.[8]

As noted above, Mr. Olson filed his Amended Petition with this Court on August 22, 2011.[9] He alleges that his conviction for felony driving under the influence "was obtained through evidence in violation of the constitution in an illegal search and seizure."[10]

On September 20, 2011, respondent Debbie Miller filed a motion to dismiss this action, asserting that Mr. Olson's claims allege Fourth Amendment violations that are beyond the scope of federal habeas review.[11] Mr. Olson filed a response in opposition on November 17, 2011 and the respondent filed a reply on November 23, 2011.[12]

On July 27, 2012, the Magistrate Judge issued an Initial Report and Recommendation which recommended that the motion to dismiss be granted.[13] Mr.

---

[6] Docket 17 at 4 (Amended Pet.); Docket 32 at 4 (Magistrate R&R).

[7] Docket 17 at 4 (Amended Pet.); Docket 32 at 5-6 (Magistrate R&R); Docket 26-3 (Pet. to Alaska SC).

[8] Docket 32 at 6 (Magistrate R&R); Docket 1-1 (Order re Pet. for Hearing).

[9] Docket 17 at 5 (Amended Pet.).

[10] Docket 32 at 8 (Magistrate R&R); Docket 17 at 3, 6 (Amended Pet.).

[11] Docket 18 at 1-2 (Mot. to Dismiss).

[12] Docket 20 (Resp. in Opp. to MTD); Docket 21 (Reply to Resp. to MTD).

[13] Docket 32 (Magistrate R&R).

3:11-cv-00024-SLG, *Olson v. Miller*
Order Granting Motion To Dismiss
Page 2 of 5
Case 3:11-cv-00024-SLG   Document 37   Filed 09/19/12   Page 2 of 5

Olson has filed a notice that no objections to that report will be filed as well as a Motion for Certificate of Appealability.[14] Ms. Miller then filed a motion to strike Mr. Olson's Motion for Certificate of Appealability, contending that motion was premature as no final order had yet been issued.[15]

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[16] Further, "[n]either the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[17]

This Court has reviewed the entire record in this case and agrees with the Magistrate Judge's well-reasoned analysis and determination in her Initial Report and Recommendation, and accepts that Recommendation in its entirety along with the following additional analysis.

"An application for a writ of habeas corpus of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."[18] Here, the two arguments that Mr. Olson presented to the Alaska Supreme Court related only to his convictions on

---

[14] Docket 33 (Notice of No Objections); Docket 34 (Mot. for Cert. of Appealability).

[15] Docket 35 (Mot. to Strike) at 1.

[16] 28 U.S.C. § 636(b)(1)(C).

[17] *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[18] 28 U.S.C. 2254(b)(1)(A).

3:11-cv-00024-SLG, *Olson v. Miller*
Order Granting Motion To Dismiss
Page 3 of 5
Case 3:11-cv-00024-SLG   Document 37   Filed 09/19/12   Page 3 of 5

the refusal and driving with a suspended license charges.[19] Thus, Mr. Olson did not exhaust his state court remedies regarding the constitutionality of the stop that resulted in the felony driving under the influence conviction.

Even if Mr. Olson had exhausted his state remedies, he cannot pursue federal habeas relief on the ground that evidence was obtained in an unconstitutional search and seizure when he has already had the opportunity to fully and fairly litigate this issue in state court.[20]

> "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[21]

For the reasons set forth by the Magistrate, this Court finds that Mr. Olson had the opportunity to fully and fairly litigate his Fourth Amendment claim in the Alaska Court System, and its determinations on that claim are therefore not reviewable in a federal habeas proceeding.[22]

Lastly, Mr. Olson asserts that the contradiction between the evidence and the factual findings of the state court resulted in a deprivation of his rights to due process

---

[19] Docket 32 at 5 (Magistrate R&R); Docket 26-3 at 1 (Pet. to Alaska SC).

[20] Docket 32 at 11-12 (Magistrate R&R).

[21] *Stone v. Powell*, 428 U.S. 465, 482 (1976).

[22] Docket 32 at 11-12 (Magistrate R&R); *see Moormann v. Schriro*, 426 F.3d 1044, 1053 (9th Cir. 2005) (holding the district court correctly refused habeas review of the Fourth Amendment claim and rejected petitioner's contention that he did not have a "full and fair opportunity to litigate" his Fourth Amendment claim because the state court's factual findings are not supported by the evidence).

3:11-cv-00024-SLG, *Olson v. Miller*
Order Granting Motion To Dismiss
Page 4 of 5
Case 3:11-cv-00024-SLG   Document 37   Filed 09/19/12   Page 4 of 5

and a fair trial under the Sixth and Fourteenth Amendments.[23] These contentions are essentially reiterations of his Fourth Amendment claim, which as explained above, are not reviewable in this proceeding.[24]

Accordingly, **IT IS HEREBY ORDERED:**

1. The Magistrate Judge's Initial Report and Recommendation dated July 27, 2012 is accepted in its entirety, and the Motion to Dismiss is GRANTED.

2. The Clerk of Court shall enter a final judgment accordingly.

**IT IS FURTHER ORDERED** that the Motion for Certificate of Appealability is DENIED.[25] This Court finds that Mr. Olson has not made the requisite "substantial showing of the denial of a constitutional right" specified in 28 U.S.C. §2253(c)(2). Any further motion for a Certificate of Appealability must be addressed to the Court of Appeals.[26] Accordingly, the Motion to Strike is also DENIED as moot.[27]

DATED at Anchorage, Alaska this 19th day of September, 2012.

*/s/ Sharon L. Gleason*
United States District Judge

---

[23] Docket 20 at 3 (Resp. in Opp. to MTD).

[24] Docket 32 at 12 (Magistrate R&R); *see Torres v. Irvin*, 33 F.Supp.2d 257, 265 (S.D.N.Y. 1998) (The petitioner "may not avoid the rule set forth in *Stone* by characterizing his attack on the search warrant as one based on [another constitutional violation].").

[25] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a Certificate of Appealability may be granted only if the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.*, when "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks and citations omitted); Docket 34 (Mot. for Cert. of Appealability).

[26] Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

[27] Docket 35 (Mot. to Strike).

3:11-cv-00024-SLG, *Olson v. Miller*
Order Granting Motion To Dismiss
Page 5 of 5
Case 3:11-cv-00024-SLG   Document 37   Filed 09/19/12   Page 5 of 5